# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | CIV. NO. 19-00360 LEK-KJM |
| Plaintiff, | ) ) | ORDER VACATING JULY 8, 2019 DEFICIENCY ORDER; DENYING IN |
| vs. | ) ) ) | FORMA PAUPERIS REQUEST; AND DISMISSING ACTION |
| TODD THOMAS, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the Court is Francis Grandinetti's pleading entitled: "Disciplinary

Sentence and Administrative (LTAS) Segregation Lawsuit. Jail Habeas Corpus,

etc." ECF No. 1. Grandinetti apparently challenges disciplinary sanctions

imposed on him at the Saguaro Correctional Center ("SCC". Although

Grandinetti labels his pleading as seeking habeas corpus relief, the Court construes

it as a civil rights action brought pursuant to 42 U.S.C. § 1983. *See, e.g.*, *Nettles v.*

*Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (holding challenges to

disciplinary proceedings should be brought under § 1983 if there is no loss of

good time credits).

Grandinetti's pleading, and the exhibits attached to it, lack any coherent

claims or explanation for bringing this suit, beyond the suggestion that Grandinetti

was disciplined. He attaches an approved "Indigent Status Request," to his

pleading, which the Court construes as a request to proceed in forma pauperis.

For the following reasons, the July 8, 2019 Deficiency Order is VACATED, Grandinetti's request to proceed in forma pauperis is DENIED, and the Complaint and this action are DISMISSED pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to enter judgment and close the file.

## I. DISCUSSION

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "[H]abeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

Nothing within Grandinetti's pleading suggests that his thirty-day suspension from attending "SHIP1" or "SHIP2" programs, which he refused to attend, will lengthen his sentence. Nor does his six-month sanction in

administrative segregation appear to affect the term of his sentence. Rather, Grandinetti sought administrative segregation when he refused to accept a roommate, which resulted in his sanctions. Thus, the Court construes Grandinetti's pleading, to the extent that it alleges any coherent claims, as a civil rights complaint challenging the conditions of his confinement. Grandinetti may have labeled this pleading as seeking habeas relief to avoid the penalties imposed on his filings by 28 U.S.C. § 1915(g). *See Andrews v. King*, 398 F.3d 1113, 1122-23, n.12 (9th Cir. 2005) (recognizing that some habeas petitions are civil rights actions mislabeled as habeas petitions to avoid § 1915(g)'s penalties) ("*Andrews I*").

Grandinetti has accrued three strikes under 28 U.S.C. § 1915(g),[1] and may not bring a civil rights action without complete prepayment of the filing fee, unless he plausibly alleges that he was in imminent danger of serious physical injury at the time he filed his pleading. *See id.*; *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). Grandinetti alleges no facts showing that he is in imminent danger of serious physical injury and may not proceed in

---

[1] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK-RLP (D. Haw. 2015); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LEK (D. Haw. 2005).

forma pauperis.  *See Taylor v. Delatoore*, 281 F.3d 844, 848 (9th Cir. 2002).

## II.  <u>CONCLUSION</u>

(1) The Court construes Grandinetti's pleading as seeking relief under 42 U.S.C. § 1983.

(2)  Grandinetti's Indigent Inmate Status Request is construed as a request to proceed in forma pauperis in this action and is DENIED and the July 8, 2019 Deficiency Order is VACATED.

(3) This action is DISMISSED pursuant to 28 U.S.C. § 1915(g).  Any pending motions are DENIED.  The Court will take no further action beyond processing any notice of appeal.

(4)  The Clerk of Court shall enter judgment and terminate this case.

IT IS SO ORDERED.

DATE: HONOLULU, HAWAII, July 29, 2019.



    /s/ Leslie E. Kobayashi

Leslie E. Kobayashi
United States District Judge

*Grandinetti v. Thomas*, No. 1:19 cv 00360 LEK KJM; 3 stks '19  (not hab. dscp. prcd'g, dny Indigent Inmate Request)

4